## FOURTH DEPARTMENT, FEBRUARY, 1970

## (February 12, 1970)

■ In the Matter of WILLIAM S. HAWTHORNE, as Deputy Commissioner of Social Welfare, County of Erie, Respondent, v. THOMAS RUSINSKI, Appellant.— Order unanimously reversed on the law and facts, without costs, and matter remitted to Family Court of Erie County for proceedings in accordance with the following memorandum: The Deputy Commissioner of Social Welfare of Erie County, as petitioner, instituted this paternity proceeding against respondent-appellant. Appellant denied the paternity charge and the hearing was set for May 8, 1969. On May 7, 1969 appellant's attorney informed the

Assistant County Attorney to whom the matter had been assigned that because of other engagements it was his intention to request an adjournment when the matter was reached the following day. Appellant's attorney was detained the next morning in the City Court on a criminal case and did not contact the Family Court until one and a half hours after the opening of that court and was informed that a default had been entered against his client. On the following day a motion to vacate the default was denied and a support order was entered. The circumstances here presented require that appellant be given an opportunity to defend. It would have been better practice for appellant's attorney to have notified the court of his inability to be present when the matter was reached, but having given prior notice to respondent's attorney of his conflicting engagements and the need of an adjournment, and having acted within a matter of hours to correct the situation, the denial of the motion to open the default was an improvident exercise of discretion. The order of filiation should be reversed and the matter placed upon the Erie County Family Court Calendar for a hearing on the issue of paternity. (Appeal from order of Erie County Family Court, in paternity proceeding.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Bastow, JJ.